# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL PEYLA, )
)
                     **Petitioner,** )
)
vs. )    Case No. 07-CV-579-MJR
)
UNITED STATES OF AMERICA, )
)
                     **Respondent.** )

## MEMORANDUM AND ORDER

**REAGAN, District Judge**:

        On November 26, 2008, the undersigned Judge denied Peyla's motion for relief under 28 U.S.C. § 2255. Judgment was entered accordingly on November 26, 2008. Twenty-one days later, Peyla appealed.

        On December 17, 2008, Peyla filed a motion for appeal - which the Clerk of Court construed as Notice of Appeal (Doc. 11) - and a motion for a certificate of appealability, for leave to appeal in forma pauperis and for an evidentiary hearing (Doc. 12).

        The Court **DENIES** the motion for certificate of appealability, because – for the reasons stated in the November 26, 2008 Order – Peyla has not made a substantial showing that his sentence "was imposed in violation of the Constitution or laws of the United States." ***Shell v. United States*, 448 F.3d 951, 954 (quoting 28 U.S.C. § 2255)**; *see* **28 U.S.C. § 2253(c)(2)**.

        A more liberal standard applies to motions for leave to proceed in forma pauperis on appeal. *See, e.g., Pate v. Stevens*, **163 F.3d 437, 438 (7th Cir. 1998)**. To conclude that an appeal is in good faith, "a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, **216 F.3d 626, 632 (7th Cir. 2000) (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000))**. Thus, an unsuccessful movant for relief under § 2255 may

proceed in forma pauperis on appeal even after a district court has denied issuance of a certificate of appealability. *See id.* **(concluding that an appeal can be taken in good faith even though a certificate of appealability has been denied)**.

28 U.S.C. § 1915(a)(1) provides that a United States District Court may authorize commencement of a civil appeal without prepayment of fees, by a person who submits an affidavit showing that he is unable to pay the appeal fee. Section 1915(a)(3) adds, however, that pauper status cannot be granted if the appeal is not taken in good faith.[1] *See also Moran v. Sondalle,* **218 F.3d 647, 651 (7th Cir. 2000)("because these appeals are not in good faith for purposes of § 1915(a)(3), we revoke the orders permitting the appellants to proceed in forma pauperis"); FED. R. APP. P. 24(a)(3)(A)**.

In general, a defendant who is found eligible for court-appointed counsel in a district court may proceed on appeal in forma pauperis without further authorization unless the district court certifies that the appeal is not taken in good faith or that the party is otherwise not entitled to proceed in forma pauperis on appeal. **See Fed. R. App. P. 24(a)(3)**. Although Peyla was represented by retained counsel in his underlying criminal case, he was granted leave to appeal in forma pauperis, based on his motion and affidavit evidencing his indigence. *See United States v. Peyla*, Case No. 04-cr-30010-MJR (S.D.Ill.) (Docs. 405, 407, 410). The Court is convinced that Peyla is unable to pay the full costs of his appeal. The Court finds that Peyla has established his indigence and that his appeal is taken in good faith. Accordingly, the Court **GRANTS** Peyla's motion for pauper status

---

[1] Peyla's appeal is not subject to the portions of § 1915 added by the 1996 Prison Litigation Reform Act of 1996 ("PLRA"), such as the fee collection mechanism. *Walker,* **216 F.3d at 634 ("the PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255.").** Although the PLRA does not apply to Peyla's appeal, the Court still must decide whether he is able to pay a filing fee and whether his appeal is taken in good faith. *See* **28 U.S.C. § 1915(a)(1) and (3);** *Walker***, 216 F.3d at 638 n.5.**

on appeal.

The Court remains of the opinion that no evidentiary hearing is needed on Peyla's § 2255 petition. Peyla makes only conclusory assertions that there are discrepancies between his claims and his attorney's statements and between witness affidavits and his attorney's statements. Peyla has provided no detailed and specific affidavit showing he has actual proof of the allegations he is making. *See Galbraith v. United States*, **313 F.3d 1001, 1009 (7th Cir. 2002)**. Additionally, no evidentiary hearing is required because the record before the Court shows conclusively that Peyla is not entitled to relief on his § 2255 petition. *Menzer v. United States*, **200 F.3d 1000, 1005 (7th Cir. 2002)**. *See also* **Rule 4(b) and 8(a) of RULES GOVERNING SECTION 2255 PROCEEDINGS**.

To conclude, the Court **GRANTS in part and DENIES in part** Peyla's motion (Doc. 12), as follows: the certificate of appealability and evidentiary hearing are **DENIED**; leave to appeal in forma pauperis is **GRANTED**.

**IT IS SO ORDERED.**

**DATED this 18th day of December, 2008**

s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**